THE DRESDEN.

UNITUS et ux. v. THE DRESDEN.

(District Court, D. Maryland.   July 10, 1894.)

1. NEGLIGENCE—INDEPENDENT CONTRACTORS — LOADING PASSENGERS' BAGGAGE ON SHIP.
    Stevedores bringing passengers' baggage on board a steamship, and placing it where requested by passengers for their convenience, are not exercising an independent employment, but are performing a duty which rests on the ship, and it is the duty of the ship's officers to see that risk of accident to persons on board is avoided.

2. SAME.
    The use, for lowering baggage into a steamship, of the same companion way used by passengers and their friends in passing up and down, where the ship has more than one that could be so used, is want of care for which

the ship is liable to such a person injured by the fall of a trunk, caused by its handle breaking while being so lowered.

This was a libel by Matthew Unitus and Aggie Unitus, his wife, against the steamship Dresden for personal injuries.

William Colton, for libellants.

Thomas W. Hall, for respondent.

MORRIS, District Judge. The libellant, Aggie Unitus, went aboard the steamship Dresden just before her hour of sailing from Baltimore for Bremen, to bid good-bye to a friend who was about to make a voyage on her as a steerage passenger. The libellant, by request of her friend, had brought her some clothing and some food for the voyage. They, together with two other friends, went below, to place the articles in the steerage, and were returning up one of the forward companion ways to the deck, when the libellant was struck by a trunk which had fallen down the companion way. She was knocked down and injured, and she now seeks compensation by this libel in rem against the steamship.

It is not denied that friends of passengers about to sail were permitted to be aboard, and that, if the libellant was injured through the negligence of those in charge of the steamer, she can maintain this libel. The testimony on behalf of the steamship tends to prove that the trunk was being carried from the wharf to the steerage by a stevedore, and that he had it on the top step of the companion way, waiting for two stevedores who were below to come and take it from him, when the top strap or handle by which he was holding it broke, and it fell against the libellant, who had just started up the steps.

The proof on behalf of the steamer establishes that the loading of the steamer, both as to her cargo and the baggage of her passengers, was not attended to by her seamen, but was done by a firm of stevedores under a contract. By the contract the firm of stevedores was paid a certain rate per ton for the cargo, and for handling the baggage was paid a certain rate per day for each man furnished. It is contended under these circumstances that for the negligence of the stevedore which caused the accident the stevedore who made the contract could be held liable, and, it not being the act of any of the ship's employés, the ship is not liable. It is quite true that when stevedores have made a contract to load or unload a ship, and are exercising a well-known, distinct, and independent employment, and are not under the immediate supervision and control of those in charge of the ship, it has been held that they are contractors, and are not employés, and that the ship is not liable. Linton v. Smith, 8 Gray, 147. But in handling the baggage of passengers, bringing it on board from the wharf, and placing it in the steerage berth compartment, where the passengers may request to have it placed so as to be convenient for their use during the voyage, in doing such acts as these the stevedores are not exercising an independent employment. They are performing a duty to the passengers which rests upon the ship. It is of a personal

kind, requiring the supervision of the ship's officers. It is the duty of the ship's officers to see it so performed that risk of accident to persons on board is avoided.

In this case there were two or three companion ways to the steer-age, which could be used, and it would seem to have been want of care not to prevent the stevedores from using the same one for lowering baggage which was being used by the passengers and their friends in passing up and down. I think the steamship is liable.

As to the extent of the libellant's injury, the testimony is very conflicting, and the court has not had the benefit of some testimony which the libellant could have obtained, and which would have been of weight. The appearance of the libellant indicates that she is in good health, but she complains of pains in her head, and general nervous disturbance. The fact that in a day or two after the accident a suit was entered claiming large damages for perma-nent injuries, which could not then have been more than apprehend-ed, indicates some disposition to exaggerate the damages. The libellant speaks only the Polish language, and it is difficult to question her precisely as to her sufferings. A physician who examined her for the purpose of testifying in her behalf at this trial considers her general health as seriously affected, but a physician to whose office she went just after she came off the ship, and who visited her twice afterwards, makes very light of her injury. I shall award $750.